JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
        E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
        E-mail: cpham@johnsonpham.com
Nicole L. Drey, SBN: 250235
        E-mail: ndrey@johnsonpham.com
Hung Q. Pham, SBN: 276613
        E-mail: ppham@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:   (818) 888-7540
Facsimile:   (818) 888-7544

Attorneys for Plaintiffs
BMW OF NORTH AMERICA, LLC;
BAYERISCHE MOTOREN WERKE AG; and
ROLLS-ROYCE MOTOR CARS LIMITED

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company; BAYERISCHE MOTOREN WERKE AG, a German Corporation; and ROLLS-ROYCE MOTOR CARS LIMITED, a United Kingdom Corporation,<br><br>          Plaintiffs,<br><br>          v.<br><br>MOOVIT INC., a California Corporation; JOHNATHAN CHONG-HAU GINGRAS a/k/a JOHNNY GINGRAS, an Individual; CARY KUO, an Individual; WILLIAM HO, an Individual; YUE X. LO, an Individual; ENOCH WONG, an Individual; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No.:  2:15-cv-6151<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114/Lanham Act §32(a)]**<br>**(2) FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION [15 U.S.C. §1125(a)/Lanham Act §43(a)]**<br>**(3) TRADEMARK DILUTION [15 U.S.C. §1125(c)]**<br>**(4) UNFAIR BUSINESS PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS CODE* §17200]**<br><br>**[DEMAND FOR JURY TRIAL]** |

1  COMES NOW, Plaintiffs BMW OF NORTH AMERICA, LLC ("BMW
2  NA"); BAYERISCHE MOTOREN WERKE AG ("BMW AG"); and ROLLS-
3  ROYCE MOTOR CARS LIMITED ("RRMC") (collectively "Plaintiffs"), hereby
4  file their Complaint for Damages and Declaratory Relief ("Complaint") against
5  Defendants MOOVIT INC.; JOHNATHAN CHONG-HAU GINGRAS a/k/a
6  JOHNNY GINGRAS; CARY KUO; WILLIAM HO; YUE X. LO; ENOCH
7  WONG; and DOES 1-10, inclusive (collectively "Defendants").

8  **PARTIES**

9  1.  Plaintiff BMW NA is now, and was at the time of the filing of this
10  Complaint and at all intervening times, a Delaware limited liability company
11  having its principal place of business in Woodcliff Lake, New Jersey. BMW NA
12  is a wholly owned subsidiary of BMW (US) Holding Corporation, a Delaware
13  corporation. BMW (US) Holding Corporation is a wholly-owned subsidiary of
14  BMW AG.

15  2.  Plaintiff BMW AG is now, and was at the time of the filing of this
16  Complaint and at all intervening times, a German corporation organized under the
17  laws of the Federal Republic of Germany with its principal place of business
18  located in Munich, Germany.

19  3.  Plaintiff RRMC is now, and was at the time of the filing of this
20  Complaint and at all intervening times, a United Kingdom corporation organized
21  under the laws of the United Kingdom with its principal place of business in West
22  Sussex, United Kingdom. RRMC is a wholly-owned subsidiary of BMW AG.

23  4.  Plaintiffs are informed and believe that Defendant MOOVIT INC., is
24  now, and was at the time of the filing of this Complaint, and at all intervening
25  times, an active California corporation with its principal place of business in West
26  Covina, California. Plaintiffs are informed and believe that MOOVIT INC. is
27  owned and operated by Defendants JOHNATHAN CHONG-HAU GINGRAS
28  a/k/a JOHNNY GINGRAS and CARY KUO.

5.     Plaintiffs are informed and believe that, at the time of its creation, now, and at all times relevant to this Complaint, Defendant MOOVIT INC. did not and does not have sufficient funding to assume responsibility for its foreseeable and actual liabilities.

6.     Plaintiffs are informed and believe that, since the time of its creation, now, and at all times relevant to this Complaint, Defendant MOOVIT INC. was undercapitalized.

7.     Plaintiffs are informed and believe that, since the time of its creation, now, and at all times relevant to this Complaint, Defendant MOOVIT INC. failed to observe corporate formalities required by law.

8.     Plaintiffs are informed and believe that Defendant JOHNATHAN CHONG-HAU GINGRAS, also known as JOHNNY GINGRAS, is an Individual residing in West Covina, California. Plaintiffs are informed and believe that Defendant JOHNATHAN CHONG-HAU GINGRAS a/k/a JOHNNY GINGRAS is the owner and operator of MOOVIT INC.

9.     Plaintiffs are informed and believe that Defendant CARY KUO is an Individual residing in Fremont, California. Plaintiffs are informed and believe that Defendant CARY KUO is the owner and operator of MOOVIT INC.

10.    Plaintiffs are informed and believe that Defendant WILLIAM HO is an Individual residing in Rowland Heights, California. Plaintiffs are informed and believe that Defendant WILLIAM HO was the owner and operator of the dissolved corporation IKON MOTORSPORTS INC., doing business under the name KAZE-SPEED.

11.    Plaintiffs are informed and believe that Defendant YUE X. LO is an Individual residing in Walnut, California.

12.    Plaintiffs are informed and believe that Defendant ENOCH WONG is an Individual residing in City of Industry, California.

13.   The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as DOES 1-10, inclusive, are unknown to Plaintiffs.  Plaintiffs therefore sue said Defendants by such fictitious names.  When the true names and capacities of said Defendants have been ascertained, Plaintiffs will amend this pleading accordingly.

14.   Plaintiffs further allege that Defendants MOOVIT INC.; JOHNATHAN CHONG-HAU GINGRAS a/k/a JOHNNY GINGRAS; CARY KUO; WILLIAM HO; YUE X. LO; ENOCH WONG; and DOES 1-10, inclusive, sued herein by fictitious names, are jointly, severally and concurrently liable and responsible with one another upon the causes of action hereinafter set forth.

15.   Plaintiffs are informed and believe and thereon allege that at all times mentioned herein Defendants MOOVIT INC.; JOHNATHAN CHONG-HAU GINGRAS a/k/a JOHNNY GINGRAS; CARY KUO; WILLIAM HO; YUE X. LO; ENOCH WONG; and DOES 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

## JURISDICTION / VENUE

16.   This Court has jurisdiction over the subject matter of the First, Second, and Third Causes of Action (violation of the Lanham Act and Patent law) pursuant to 15 U.S.C. §1121 and/or 28 U.S.C. §§ 1331 and/or 1338(a).

17.   This Court has personal jurisdiction over Defendants as Defendants conduct business and/or reside within this jurisdiction and have committed the tortious activities of trademark and patent infringement and unfair competition in this district.  Defendants have sufficient minimum contacts with this district such that the exercise of jurisdiction over Defendants by this Court does not offend traditional notions of fair play and substantial justice.  Among other things, Defendants have advertised, offered to sell, sold, and distributed products that

1   infringe the trademarks of Plaintiffs to consumers within this judicial district for
2   Defendants' own commercial gain and have exploited California's extensive
3   marketplace, wherein Plaintiffs maintain substantial business contacts and financial
4   interests. Defendants have also offered to sell and actually sold counterfeit
5   products (described more fully below) using interactive internet websites knowing
6   or having reason to know that consumers throughout the United States, including
7   within this judicial district, would purchase said counterfeit goods from Defendants,
8   believing that they were authentic goods manufactured and distributed by Plaintiffs
9   or their authorized manufacturers.

10       18.    Additionally, supplemental jurisdiction exists over Defendants
11   because, on information and belief, Defendants conduct business in California and
12   in this judicial district, have purposefully directed action to California and this
13   district, or have otherwise availed themselves of the privileges and protections of
14   the laws of the State of California, such that this Court's assertion of jurisdiction
15   over Defendants does not offend traditional notions of fair play and due process.

16       19.    Venue is proper in this district, *inter alia*, pursuant to 28 U.S.C.
17   §1391(b) because, on information and belief, a substantial part of the events or
18   omissions giving rise to these claims occurred in this judicial district, and has
19   caused damage to Plaintiffs in this district. The counterfeit products featuring
20   Plaintiffs' Trademarks were purchased in California, and Defendants purposefully
21   shipped the counterfeit products from and within California.   Moreover, the
22   counterfeit products featuring Plaintiffs' Trademarks were paid with funds from a
23   financial institution in California, and the transactions were processed through
24   PayPal, Inc., located in California.  Defendants' actions within this district directly
25   interfere with and damage Plaintiffs' commercial business and harms Plaintiffs'
26   goodwill within this venue.

27

28   / / /

**COMPLAINT FOR DAMAGES**

## GENERAL ALLEGATIONS

### Plaintiffs and their Well-Known Brands and Products

20.    Plaintiffs are in the business of designing, manufacturing, and/or distributing motor vehicle parts and accessories, including, but not limited to, floor mats, license plate frames, roundels, stickers and emblems, and a variety of other products which feature various trademarks, including but not limited to the BMW®, M®, X5®, MINI®, MINI COOPER®, ROLLS-ROYCE® and various design logo marks. Plaintiffs' products and marks have achieved great success since their introduction, some as early as 1935.

21.    Plaintiffs' motor vehicles and related products have earned a reputation for innovation, quality and performance. Plaintiffs have spent substantial time, money and effort in developing consumer recognition and awareness of Plaintiffs' marks and products.  Plaintiffs have spent an enormous amount of money on print and Internet advertising in order to inform consumers of the benefits of Plaintiffs' products and services.

22.    Through the extensive use of Plaintiffs' marks, Plaintiffs have built up and developed significant goodwill in their entire product line.  A wide array of newspapers, magazines and television networks have included advertising of Plaintiffs' products, which are immediately identified by Plaintiffs' marks.

23.    As a result of Plaintiffs' efforts, the quality of Plaintiffs' products, the high degree of promotion and the quality and popularity of Plaintiffs' motor vehicles, Plaintiffs' trademarks have been prominently placed in the minds of the public.  Consumers, purchasers and the members of the public have become familiar with Plaintiffs' intellectual property and products, and have come to recognize Plaintiffs' marks and products and associate them exclusively with Plaintiffs. Plaintiffs have acquired a valuable reputation and goodwill among the public as a result of such association.  Indeed, Plaintiffs' marks are famous in the United States and around the world.

### **Plaintiffs' Trademarks**

24.     While Plaintiffs have gained significant common law trademark and other rights in their branded products and services through their use, advertising and promotion, Plaintiffs have also protected their valuable rights by filing for and obtaining numerous federal trademark registrations. This includes registrations for the following non-exhaustive list of Plaintiffs' registered trademarks:

i.     **BMW**: United States Patent and Trademark Office ("USPTO") Reg. No.: 0,611,710, registered September 6, 1955;



ii.     USPTO Reg. No.: 0,613,465, registered October 4, 1955;

iii.     USPTO Reg. No.: 1,450,212, registered August 4, 1987;



**COMPLAINT FOR DAMAGES**

iv.    USPTO Reg. No.: 4,293,991, registered February 26, 2013;



v.    **M3**:  USPTO Reg. No. 2,535,373, registered February 5, 2002;



vi.    **M5**:  USPTO Reg. No. 2,381,292, registered August 29, 2000;



vii.    **M**: USPTO Reg. No.: 1,438,545, registered August 5, 1987;



viii.    USPTO Reg. No. 2,683,597, registered February 12, 2002;



ix.    USPTO Reg. No.: 3,526,899, registered November 4, 2008;



8

**COMPLAINT FOR DAMAGES**

x.    USPTO Reg. No.: 3,767,662, registered March 30, 2010;



xi.    USPTO Reg. No.: 3,767,663, registered March 30, 2010;



xii.    **MINI:** USPTO Reg. No.: 3,462,517, registered July 8, 2008;



xii.    USPTO Reg. No.: 3,507,903, registered September 30, 2008;



xiii.    USPTO Reg. No.: 3,515,455, registered October 14, 2008;



9

COMPLAINT FOR DAMAGES

xiv.   **MINI COOPER**: USPTO Reg. No. 3,696,191, registered October 13, 2009;

# MINI COOPER

xv.   **ROLLS-ROYCE**: USPTO Reg. No. 0,325,195, registered June 11, 1935;

# ROLLS - ROYCE

xvi.   USPTO Reg. No. 3,148,743, registered September 26, 2006;

# ROLLS-ROYCE

xvii.   **RR**: USPTO Reg. No. 0,344,372, registered March 23, 1937;

**COMPLAINT FOR DAMAGES**

1    xviii. **X5**: USPTO Reg. No. 2,826,976, registered March 30, 2004
2    (collectively "Plaintiffs' Trademarks").

3

4
                        **X5**
5

6

7    25.    Plaintiffs have never authorized or consented to Defendants' use of
8    Plaintiffs' Trademarks, or any confusingly similar marks by Defendants. Also,
9    Plaintiffs have never authorized Defendants to copy, manufacture, import, market,
10   sell, or distribute any of Plaintiffs' products.

11                    **Defendants' Wrongful and Infringing Conduct**

12   26.    Particularly in light of the success of Plaintiffs and Plaintiffs' products
13   as well as the reputation they have gained, Plaintiffs and their products have
14   become targets for unscrupulous individuals and entities who wish to take a "free
15   ride" on their goodwill, reputation and fame.  Plaintiffs have spent considerable
16   effort and resources to build up their products and marks.

17   27.    A large number of these individuals and entities deal in pirated and
18   counterfeit products featuring Plaintiffs' Trademarks. Their actions vary and
19   include manufacturing, copying, exporting, importing, advertising, promoting,
20   offering for sale, selling, and distributing counterfeit and otherwise unauthorized
21   products.

22   28.    Plaintiffs are informed and believe that Defendants have individually
23   and collectively purchased, imported, acquired, offered for sale, sold, and/or
24   otherwise dealt in counterfeit automobile parts and accessories that infringe upon
25   Plaintiffs' Trademarks.

26   29.    Defendants have registered, maintained, and are responsible for the
27   domain names and corresponding websites located at ilovebodykits.com,
28   bodykits4me.com, buyheadlight.com, buytaillights.com, continouslines.com,

**COMPLAINT FOR DAMAGES**

ilovebodykit.com, ilovebodykits.net, ilovebodykits.org, moovitusa.com, seiboncarbon.info, sparepencil.com, tacomaheadlights.info, wheelspacers.biz, bestforauto.com and kaze-speed.com (collectively the "Websites"). These Websites are used to advertise, offer for sale, sell and distribute counterfeit products featuring Plaintiffs' Trademarks, specifically including but not limited to BMW®, M®, MINI® and ROLLS ROYCE®, as well as their corresponding logos, to consumers.

30.   These Websites have expressly targeted foreseeable purchasers in the State of California and shipped product from within the State of California. But for Defendants' advertising, soliciting and selling of counterfeit products featuring Plaintiffs' Trademarks, Plaintiffs would not have been able to make multiple purchases of the subject products.

31.   Defendants also use the Internet auction website located at eBay.com ("eBay"), owned and operated by eBay, Inc., to advertise, offer for sale, sell and distribute counterfeit products featuring Plaintiffs' Trademarks to consumers. Defendants have used a number of account IDs and aliases on eBay, including, but not limited to, "kell012sh," "my_frame," "scion888," "haostandu," and "scuderia348."

32.   Many of the online commercial transactions accomplished by Defendants are accomplished through the payment processing service located at PayPal.com ("PayPal"), which is provided by PayPal, Inc. Using PayPal, purchasers of products can transfer funds to sellers, electronically and online, from any PayPal account to any other PayPal account. Defendants have used a number of PayPal accounts and email addresses, including, but not limited to, sales@ilovebodykits.com,                    ikonmotor2010@gmail.com, garagelifestyle888@yahoo.com,                    frameshop8888@hotmail.com, scuderia348@hotmail.com,                    my_frame1668@hotmail.com,

scion888@hotmail.com,                bmwbmw123123@hotmail.com                and aannppauto8866@hotmail.com.

33.    Both eBay and PayPal are headquartered in California.  In order for sellers, including Defendants, to make use of eBay and its PayPal services, users must agree to terms and conditions set forth in eBay and PayPal's User Agreements, as well as pay various fees associated with any listing or transaction accomplished through eBay and PayPal's services.

34.    On  February 4, 2013, in their ongoing investigation of counterfeit sales of Plaintiffs' trademarked products, from the State of California, Plaintiffs' investigator purchased a variety of products from one of Defendants' Websites, located at ilovebodykits.com – namely, one set of "03-06 BMW Z4 E85 E86 Gray M Floor Mats 2004 2005" for $56.24, one "Black powder coated license plate frame – BMW – 3/5/6/7 series z3 z4 x3 x5 x6" for a cost of $10.00, and one set of "BMW Hood/Trunk Roundel Emblem Black/White – 73 mm x 73 mm" for $26.00. Payment was made directly through the website, and Plaintiffs' investigator received an email confirmation for the order from the email address sales@ilovebodykits.com.

35.    On February 8, 2013, Plaintiffs' investigator received a first package pursuant to the February 4, 2013, order with a return address of "Autoparts, 15305 Stafford Street, City of Industry, CA 91744." The package contained one set of floormats featuring the M® trademark. The floormats were inspected to determine authenticity and determined to be counterfeit.

36.    On February 11, 2013, Plaintiffs' investigator received a second package pursuant to the February 4, 2013, order with a return address of "Accessories, P.O. Box 3862, City of Industry, CA 91744." This second package contained one license plate frame featuring the BMW® trademark. The license plate frame was inspected to determine authenticity and determined to be counterfeit.

37.    On February 17, 2013, Plaintiffs' investigator received a third package pursuant to the February 4, 2013, order with a return address of "Enoch Wong, 1245 S. Johnson drive, City of Industry, CA 91745 (*sic*)." This third package contained two roundels featuring the BMW logo® trademark. The roundels were inspected to determine authenticity and determined to be counterfeit.

38.    On April 6, 2014, Plaintiffs' investigator purchased the item – "(2pcs) BMW chrome METAL license plate frame – Front & Rear" – from eBay seller "scion888" for $23.87. eBay identified the person responsible for the eBay seller ID "scion888" as "Yue X. Lo" of Walnut, California, with an email address of scion888@hotmail.com.   Payment   was   made   through   PayPal   to   "Car Accessories123" with an email address of frameshop8888@hotmail.com.

39.    On April 10, 2014, Plaintiffs' investigator received a package pursuant to the April 6, 2014, order from from "scion888" with a return address of "Car Accessories123, PO BOX 3862, City of Industry CA 91744-0000." The package contained 2 license plate frames each featuring the BMW® trademark. The frames were inspected to determine authenticity and determined to be counterfeit.

40.    Also on April 6, 2014, Plaintiffs' investigator purchased the item – "'M LOGO' 3/5/6 SERIES Z4 X5 X6 BLACK Metal License Frame" – from eBay seller "kell012sh" for $12.71. Payment was made through PayPal to "Car Accessories123" with the email address frameshop8888@hotmail.com.

41.    On April 11, 2014, Plaintiff's investigator received a package pursuant to the April 6, 2014, order from "kell012sh", with a return address of Car Accessories123, PO BOX 3862, City of Industry CA 91744-0000." The package contained 1 license plate frame featuring the M® trademark. The frame was inspected to determine authenticity and determined to be counterfeit.

42.    Additionally on April 6, 2014, Plaintiffs' investigator purchased the item – "(2) Brand New ' BMW HALO ' CHROME metal license plate frame" –

from eBay seller "my_frame" for $23.98. Payment was made through PayPal to "Accessories" with an email address of my_frame1668@hotmail.com. PayPal also identified a customer service email for "Accessories" of scuderia348@hotmail.com.

43.    On April 14, 2014, Plaintiffs' investigator received a package pursuant to the April 6, 2014, order from "my_frame" with a return address of "Accessories, P.O. Box 3862, City of Industry CA 91744-0000." The package contained 2 license plate frames each featuring the BMW® and BMW logo® trademarks. The frames were inspected to determine authenticity and determined to be counterfeit.

44.    Further on April 6, 2014, Plaintiffs' investigator purchased the item – "– BMW – chrome metal license plate frame + FREE 2 CAPS" – from eBay seller "haostandu" for $12.18. Payment was made through PayPal to "Car Accessories123" with an email address of frameshop8888@hotmail.com.

45.    On April 14, 2014, Plaintiffs' investigator received a package pursuant to the April 6, 2014, order from "haostandu" with a return address of "Car Accessories123, PO BOX 3862, City of Industry CA 91744-0000." The package contained 1 license plate frame featuring the BMW® trademark. The frame was inspected to determine authenticity and determined to be counterfeit.

46.    On April 27, 2014, Plaintiffs' investigator purchased the item "TWO Brand New Chrome METAL License Plate Frame – BMW L*" from eBay seller "scuderia348" for $25.07. Payment was made through PayPal to "chrome accessories" with an email address of bmwbmw123123@hotmail.com.

47.    On May 5, 2014, Plaintiffs' investigator received a package pursuant to the April 27, 2014, order with a return address of "Chrome Accessories, PO BOX 3713, City Of Industry CA 91744-0000." The package contained to license plate frames each featuring the BMW® and BMW logo® trademarks. The frames were inspected to determine authenticity and determined to be counterfeit.

48.    On May 14, 2014, Plaintiffs' investigator made another purchase through the website located at ilovebodykits.com for the items – "BMW HALO Black License Frame 1pc" and "Black powder coated license plate frame – BMW HALO – x3 x5 x6 328 335 545 650" – for $50.99. Payment was made through PayPal to "ilovebodykits.com" with an email address of sales@ilovebodykits.com.

49.    On July 29, 2014, Plaintiffs' investigator received a package pursuant to the May 14, 2015, order with a return address of "Accessories, P.O. Box 3862, City of Industry CA 91744-0000." The package contained 2 frames – each featuring the BMW® and BMW logo® trademarks. The frames were inspected to determine authenticity and determined to be counterfeit.

50.    On January 14, 2015, Plaintiffs' investigator made another purchase from eBay seller "my_frame" for the item – "ROLLS ROYCE mirror chromed metal license plate frame w/s.caps" – for $12.81. Payment was made through PayPal to "Accessories" with an email address of my_frame1668@hotmail.com. PayPal also identified a customer service email of scuderia348@hotmail.com.

51.    On January 20, 2015, Plaintiffs' investigator received a package pursuant to the January 14, 2015, order from "my_frame" with a return address of "Accessories, P.O. Box 3862, City of Industry CA 91744-0000." The package contained 1 license plate frame featuring the ROLLS ROYCE® trademark. The frame was inspected to determine authenticity and determined to be counterfeit.

52.    Also on January 14, 2015, Plaintiffs' investigator made another purchase from eBay seller "haostandu" for the item – "2 ROLLS ROYCE STAINLESS STEEL Chrome License Plate Frame + Screw Caps LL" – for $24.85. Payment was made through PayPal to "ANP" with an email address of frameshop8888@hotmail.com. PayPal also identified a customer service email address of aannppauto8866@hotmail.com.

53.    On January 20, 2015, Plaintiffs' investigator received a package pursuant to the January 14, 2015, order from "haostandu" with a return address of

"ANP, PO BOX 3862, City of Industry CA 91744-0000." The package contained 2 license plate frames each containing the ROLLS ROYCE® and RR® trademarks.

54.     Through their e-commerce websites, Defendants advertise, market, and offer to sale numerous automotive parts and accessories bearing Plaintiffs' Trademarks without Plaintiffs' prior authorization.

55.     Through such business activities, Defendants purposely derived benefit from their interstate commerce by expressly targeting foreseeable purchasers in the State of California. But for Defendants' advertising, soliciting and selling of counterfeit products featuring Plaintiffs' Trademarks, Plaintiffs would not have been able to make purchases of the subject products.

56.     By these sales, and on information and belief, Defendants violated and continue to violate Plaintiffs' exclusive rights in its trademarked automobile parts, emblems, and related goods and services, and use images and marks that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of Plaintiffs' trademarks to confuse consumers and aid in the promotion and sales of its unauthorized goods.  Defendants' conduct and use began long after Plaintiffs' adoption and use of Plaintiffs' Tradeamrks, after Plaintiffs obtained the trademark registrations alleged above, and after Plaintiffs' marks became famous.  Indeed, Defendants had knowledge of Plaintiffs' ownership of the marks, and of the fame in such marks, prior to the actions alleged herein, and adopted them in bad faith and with intent to cause confusion, tarnish, counterfeit and dilute Plaintiffs' marks and products. Defendants also had knowledge of Plaintiffs' ownership of the designs and reproduced them in bad faith and in violation of Plaintiffs' patent rights. Neither Plaintiffs nor any authorized agents have consented to Defendants' use of Plaintiffs' Trademarks in the manner complained of herein.

57.     Defendants' actions were committed in bad faith and with the intent to dilute Plaintiffs' marks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the source, sponsorship and/or

affiliation of Defendants, and/or Defendants' counterfeit and unauthorized goods. By their wrongful conduct, Defendants have traded upon and diminished Plaintiffs' goodwill.

58.     In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following acts, all of which have and will continue to cause irreparable harm to Plaintiffs: (i) infringed, tarnished, diluted Plaintiffs' rights in Plaintiffs' Trademarks; (ii) applied counterfeit marks; (iii) misled the public into believing there is an association or connection between Defendants and Plaintiffs and/or the products advertised and sold by Defendants and Plaintiffs; (iv) used false designations of origin on or in connection with its goods and services; (v) committed unfair competition; (vi) engaged in counterfeiting; and (vii) unfairly profited from such activity.  Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiffs.

## FIRST CAUSE OF ACTION

**(Infringement of Registered Trademarks Against Defendants MOOVIT INC.; JOHNATHAN CHONG-HAU GINGRAS a/k/a JOHNNY GINGRAS; CARY KUO; WILLIAM HO; YUE X. LO; ENOCH WONG; and DOES 1-10, Inclusive)**

**[15 U.S.C. §1114/Lanham Act §32(a)]**

59.     Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

60.     Plaintiffs have continuously used Plaintiffs' Trademarks in interstate commerce.

61.     Plaintiffs, as the owners of all right, title and interest in and to the Plaintiffs' Trademarks, have standing to maintain an action for trademark infringement under the U.S. Trademark Statute 15 U.S.C. §1114.

62.     Defendants are and at the time of their actions complained of herein were actually aware that Plaintiffs are the registered trademark holders of Plaintiffs' Trademarks.

63.     Defendants did not and failed to obtain the consent or authorization of Plaintiffs as the registered owners of Plaintiffs' Trademarks to deal in and commercially distribute, market and sell products bearing Plaintiffs' asserted marks into the stream of commerce.

64.     Defendants intentionally and knowingly used in commerce the reproductions, counterfeits, copies, and/or colorable imitations of Plaintiffs' asserted marks in connection with the sale, offering for sale, distribution, or advertising of Defendants' goods by offering, advertising, promoting, retailing, selling, and distributing counterfeit products bearing Plaintiffs' Trademarks.

65.     Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiffs' registered Trademarks and applied such reproductions, counterfeits, copies, or colorable imitations to emblems, labels, signs, prints, packages, wrappers, receptacles, websites and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods.  Defendants thereupon offered, advertised, promoted, retailed, sold, and distributed counterfeit products bearing Plaintiffs' Trademarks.

66.     Defendants' egregious and intentional use and sale of counterfeit items bearing Plaintiffs' Trademarks is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendants' items are authentic products manufactured by Plaintiffs.

67.     Defendants' acts have been committed with knowledge of Plaintiffs' exclusive rights and goodwill in the marks, as well as with bad faith and the intent to cause confusion or to cause mistake and to deceive.

68.     Plaintiffs have suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to Plaintiffs' Trademarks and the goodwill associated therewith, for which it has no adequate remedy at law; thus Plaintiffs request injunctive relief.

69.     Defendants' continued and knowing use of Plaintiffs' asserted marks without Plaintiffs' consent or authorization constitutes intentional infringement of Plaintiffs' federally registered trademarks in violation of Section 32 of the *Lanham Act*, 15 *U.S.C.* §1114.  Based on such conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages, and other remedies provided by section 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs, statutory damages and/or prejudgment interest.

## SECOND CAUSE OF ACTION

**(False Designation of Origin & Unfair Competition Against Defendants MOOVIT INC.; JOHNATHAN CHONG-HAU GINGRAS a/k/a JOHNNY GINGRAS; CARY KUO; WILLIAM HO; YUE X. LO; ENOCH WONG; and DOES 1-10, Inclusive)**

**[15 U.S.C. §1125(a)/Lanham Act §43(a)]**

70.     Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

71.     Plaintiffs, as the owners of all common law right, title, and interest in and to Plaintiffs' Trademarks, have standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act section 43(a) (15 U.S.C. §1125).  Plaintiffs' asserted marks are fanciful, inherently distinctive, and/or have otherwise acquired distinctiveness.

72.     Defendants have without authorization, on or in connection with its goods and services, used in commerce marks that are confusingly similar to the asserted marks, and/or has made false designations of origin which are likely to

**COMPLAINT FOR DAMAGES**

cause confusion or cause mistake or to deceive as to the affiliation, connection or association of Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

73.     Defendants' conduct described above violates the Lanham Act, and Defendants have unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiffs in an amount to be determined at trial, and will cause irreparable injury to Plaintiffs' goodwill and reputation associated with the value of Plaintiffs' marks.

74.     On information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive and in blatant disregard of Plaintiffs' rights.

75.     Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of use in commerce and continuing use of marks that are confusingly similar to and constitute a counterfeit reproduction of Plaintiffs' asserted marks would cause confusion, mistake, or deception among purchasers, users and the public.

76.     Defendants' egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiffs' asserted marks unfairly competes with Plaintiffs and is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine BMW® products.

77.     Defendants' continuing and knowing use of Plaintiffs' asserted marks constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), causing Plaintiffs to suffer substantial and irreparable injury for which it has no adequate remedy at law.

78.     Defendants' wrongful conduct has permitted or will permit it to make substantial sales and profits on the strength of Plaintiffs' marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants'

wrongful conduct, as alleged herein, Plaintiffs have been and will be deprived of sales of its trademarked products in an amount as yet unknown but to be determined at trial, and have been deprived and will be deprived of the value of their marks as commercial assets in an amount as yet unknown but to be determined at trial.   Plaintiffs seek damages and an accounting of Defendants' profits, and requests that the Court grant Plaintiffs three times that amount in the Court's discretion.

79.   Based on Defendants' wrongful conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages, and other remedies as provided by the Lanham Act, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

## THIRD CAUSE OF ACTION

**(Trademark Dilution Against Defendants MOOVIT INC.; JOHNATHAN CHONG-HAU GINGRAS a/k/a JOHNNY GINGRAS; CARY KUO; WILLIAM HO; YUE X. LO; ENOCH WONG; and DOES 1-10, and DOES 1 through 10, Inclusive)**

**[15 U.S.C. §1125(c)]**

80.   Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

81.   Plaintiffs' asserted marks are distinctive and famous within the meaning of the Lanham Act.

82.   Upon information and belief, Defendants' unlawful actions began long after Plaintiffs' asserted marks became famous, and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiffs' reputation and to dilute Plaintiffs' asserted marks.   Defendants' conduct is willful, wanton and egregious.

83.    Defendants' intentional sale of fake, pirated and counterfeit items bearing Plaintiffs' asserted marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine products manufactured, distributed and sponsored by Plaintiffs. The actions of Defendants complained of herein have diluted and will continue to dilute Plaintiffs' asserted and other marks, and are likely to impair the distinctiveness, strength and value of Plaintiffs' marks, and injure the business reputation of Plaintiffs and their marks.

84.    Defendants' acts have caused and will continue to cause Plaintiffs irreparable harm.  Plaintiffs have no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

85.    As the acts alleged herein constitute a willful violation of section 43(c) of the Lanham Act, 15 U.S.C. section 1125(c), Plaintiffs are entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§1116, 1117, 1118, and 1125(c), including Defendants' profits, actual and statutory damages, treble damages, reasonable attorney's fees, costs and prejudgment interest.

## FOURTH CAUSE OF ACTION

**(Unlawful, Unfair, Fraudulent Business Practices Against Defendants MOOVIT INC.; JOHNATHAN CHONG-HAU GINGRAS a/k/a JOHNNY GINGRAS; CARY KUO; WILLIAM HO; YUE X. LO; ENOCH WONG; and DOES 1-10, Inclusive)**

**[*California Business & Professions Code* §17200 *et seq.*]**

86.    Plaintiffs hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

87.    By marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit products featuring Plaintiffs' Trademarks, Defendants have engaged in unfair competition including unlawful, unfair and fraudulent business practices in violation of the *California Business and Professions Code* §17200 *et seq*.

88.    Defendants' marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit products featuring Plaintiffs' Trademarks is in violation and derogation of Plaintiffs' rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendant, thereby causing loss, damage and injury to Plaintiff and to the purchasing public.  Defendants' conduct was intended to cause such loss, damage and injury.

89.    Defendants knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit product would cause confusion mistake or deception among purchasers, users and the public.

90.    By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit versions of Plaintiffs marks and products, Defendants intended to, did and will continue to induce customers to purchase its false and counterfeit products by trading off the extensive goodwill built up by Plaintiffs' in their marks.

91.    Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiffs' rights.

92.    Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiffs'

nationwide marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiffs have been and will be deprived of substantial sales of their products in an amount as yet unknown but to be determined at trial, and have been and will be deprived of the value of their trademarks as commercial assets, in an amount as yet unknown but to be determined at trial.  Plaintiffs seek restitution in this matter, including an order granting Defendants' profits stemming from its infringing activity, and their actual and/or compensatory damages.

93.   Plaintiffs have no adequate remedy at law for Defendants' continuing violation of its rights set forth above.  Plaintiffs seek injunctive relief.

94.   Plaintiffs further request a court issue an order to "freeze" any assets or impose a constructive trust over all monies and assets in Defendants' possession which rightfully belong to Plaintiffs.

WHEREFORE, Plaintiffs BMW OF NORTH AMERICA, LLC, and BAYERISCHE MOTOREN WERKE AG pray for judgment against Defendants MOOVIT INC., JOHNATHAN CHONG-HAU GINGRAS a/k/a JOHNNY GINGRAS, CARY KUO, WILLIAM HO, YUE X. LO, ENOCH WONG, and DOES 1 through 10, inclusive, and each of them, as follows:

1. For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. §1114(a);

2. For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

3. For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. §1125(c);

4. In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiffs' trademarks pursuant to the

Lanham Act, for statutory damages pursuant to 15 U.S.C. §1117(c), which election Plaintiffs will make prior to the rendering of final judgment;

5. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *Business and Professions Code* §17200;

6. For temporary, preliminary and permanent injunctive relief from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any mark, copyright or other intellectual property right of Plaintiffs; acts of trademark infringement or dilution; false designation of origin; unfair competition; and any other act in derogation of Plaintiffs' rights;

7. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their legal obligations, or as equity requires;

8. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiffs;

9. For destruction of the infringing articles in Defendants' possession under 15 U.S.C. §1118;

10. For treble damages suffered by Plaintiffs as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C. §1117(b);

**COMPLAINT FOR DAMAGES**

11. For damages in an amount to be proven at trial for unjust enrichment;

12. For an award of exemplary or punitive damages in an amount to be determined by the Court;

13. For Plaintiff's reasonable attorney's fees;

14. For all costs of suit; and

15. For such other and further relief as the Court may deem just and equitable.

DATED:  August 13, 2015                    JOHNSON & PHAM, LLP


By: /s/ Christopher Q. Pham
Christopher D. Johnson, Esq.
Christopher Q. Pham, Esq.
Nicole L. Drey, Esq.
Hung Q. Pham, Esq.
Attorneys for Plaintiffs
BMW OF NORTH AMERICA, LLC;
BAYERISCHE MOTOREN WERKE AG;
and ROLLS-ROYCE MOTOR CARS
LIMITED

**DEMAND FOR JURY TRIAL**

Plaintiffs BMW OF NORTH AMERICA, LLC; BAYERISCHE MOTOREN WERKE AG; and ROLLS-ROYCE MOTOR CARS LIMITED respectfully demand a trial by jury in this action pursuant to Local Rule 38-1.


DATED:  August 13, 2015                    JOHNSON & PHAM, LLP




                                           By: /s/ Christopher Q. Pham
                                           Christopher D. Johnson, Esq.
                                           Christopher Q. Pham, Esq.
                                           Nicole L. Drey, Esq.
                                           Hung Q. Pham, Esq.
                                           Attorneys for Plaintiffs
                                           BMW OF NORTH AMERICA, LLC;
                                           BAYERISCHE MOTOREN WERKE AG;
                                           and ROLLS-ROYCE MOTOR CARS
                                           LIMITED

**COMPLAINT FOR DAMAGES**